**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ANTHONY JO-ALLEN McCOY,**

Plaintiff,

v. Civil Action No. **3:11CV09**

**DR. ABBASI, *et al.*,**

Defendants.

## MEMORANDUM OPINION

Anthony McCoy, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. McCoy contends Warden B.B. Watson, Dr. Abbasi, and Nurse Hightower denied him adequate medical care in violation of the Eighth Amendment.[1] Defendant Watson has moved for summary judgment on the grounds that McCoy failed to exhaust his administrative remedies. McCoy has responded. For the reasons set forth below, the Motion for Summary Judgment will be DENIED WITHOUT PREJUDICE.

### I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

**II. Watson's Motion for Summary Judgment**

Defendant Watson asks the Court to dismiss McCoy's claim because McCoy failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[2] Because the exhaustion of administrative remedies is an affirmative defense, Defendant Watson bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his contention that McCoy failed to exhaust his administrative remedies, Defendant Watson relies upon the affidavit of A. James, the Grievance Coordinator at Nottoway Correctional Center. (Mem. Supp. Mot. Summ. J. 2.) Defendant Watson, however, failed to attach a copy of the affidavit of A. James or any other document to his Memorandum in Support of the Motion for Summary Judgment.[3] Defendant Watson has not shouldered his responsibility to demonstrate entitlement to summary judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) (observing that "it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint"). Accordingly, the Motion for Summary Judgment (Docket No. 20) will be DENIED WITHOUT PREJUDICE. Should Defendant Watson wish to file a proper Motion for Summary Judgment, he must do so within thirty (30) days of the date of entry hereof. Any such motion must contain the appropriate supporting documents and

---

[2] That statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[3] Defendant Watson also references Virginia Department of Corrections ("VDOC") Grievance Procedure. Defendant Watson, however, did not attach a copy of the pertinent regulations pertaining to the VDOC Grievance Procedure to his Memorandum in Support of the Motion for Summary Judgment.

respond to McCoy's submissions (*see*, *e.g.*, Docket No. 23), wherein he asserts that he has exhausted his administrative remedies.

An appropriate Order shall issue.

Date: 6-13-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge